UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 OCT 30 PM 12: 35

CLERK

BY_____
DEPUTY CLERK

JODIE LOUISE BYRNE,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )        Case No. 2:25-cv-752
                                   )
DELTA AIRLINE, INC, ALLIANZ, INC., )
                                   )
         Defendants.               )

**ENTRY ORDER**
**DENYING APPLICATION FOR LEAVE TO PROCEED**
***IN FORMA PAUPERIS* AND DENYING MOTION TO EXPEDITE AS MOOT**
(Docs. 1, 2)

Plaintiff Jodie Louise Byrne, currently a Vermont resident representing herself,[1]

seeks to bring an action against Delta Airline, Inc. and Allianz, Inc. to recover for injuries

she allegedly sustained during a transatlantic flight in September 2024. On September 10,

2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), or without

paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.) On October 24, 2025, Plaintiff

filed a motion to expedite her case and seeks to add the Local Storage Group as a

defendant to her case. She requests a hearing to prevent her "storage unit from being sold

at auction[.]" (Doc. 2 at 2-3.)

I.    **Conclusions of Law and Analysis.**

      A.    **28 U.S.C. § 1915(e)(2)(B) Review.**

A court is authorized to permit a litigant to proceed IFP if the party is "unable to

pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Thus, when a

plaintiff seeks leave to proceed IFP, the court must determine whether he or she has

demonstrated sufficient economic need to proceed without prepaying, in full, the required

_____

[1] In her proposed Complaint, Plaintiff states she is a resident of Stowe, Vermont but also alleges
that she has "a storage unit in Stowe[,] Vermont but do[es] not reside in the USA." *Compare*
Doc. 1-2 at 2, ¶ 5, *with id.* at 15, ¶ 59.

$405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id.* It is not necessary for a litigant to show that he or she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive him or her of the "necessities of life." *Id.*; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff submitted a financial affidavit in support of her IFP application. She indicates that she is presently employed by JLouise Elizabeth, however, she does not receive a salary or wages. Although she checked the "No" box for all questions regarding sources of income, she wrote in that she receives "SS $1,000 per month" which the court construes as a Social Security benefit. *See* Doc. 1-1 at 1. Plaintiff also avers that she does not have any cash, money in a checking or savings account, or any real estate, stocks, bonds, notes, or other valuable property except a Jeep worth $20,000. She fails to list her monthly expenses as required by the IFP Application, instead stating "$2,000–food, gas, etc." *Id.* at 2. She does not list any dependents.

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP.[2] "When an applicant fails to explain how [s]he supports [her]self, courts generally regard h[er] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). Because the court cannot discern from Plaintiff's filing that she meets the requirements of 28 U.S.C. § 1915(a)(1), her application for leave to proceed IFP (Doc. 1) is DENIED.

---

[2] In a prior case in federal court, the court found Plaintiff filed "incomplete, contradictory, false, and accusatory applications for in forma pauperis status[.]" *Byrne v. Ally Fin. Inc.*, 2024 WL 1172781, at *1 (D. Me. Mar. 18, 2024).

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is DENIED WITHOUT PREJUDICE. Additionally, her motion to expedite (Doc. 2) is DENIED AS MOOT.

Plaintiff may pay the filing fee of $405.00 or refile the application with an affidavit demonstrating her inability to pay the filing fee.[3] Should Plaintiff fail to pay the filing fee or to refile a complete IFP application on or before December 1, 2025, this case shall be dismissed without prejudice.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30ᵗʰ day of October, 2025.

Christina Reiss, Chief Judge
United States District Court

---

[3] Should Plaintiff wish to add additional defendants to her action, and either pays the filing fee or refiles her IFP application, she may also file an updated proposed Complaint for the court's review. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (explaining self-represented plaintiffs must adhere to the well-established rule that a party cannot amend his or her claim through a brief).