UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JODIE LOUISE BYRNE, )
)
Plaintiff, )
)
v. ) Case No. 2:25-cv-752
)
DELTA AIRLINE, INC. and ALLIANZ, INC., )
)
Defendants. )

## ENTRY ORDER DENYING RENEWED
## APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
(Doc. 4)

A review of the docket in this case reveals the following:

1. On September 10, 2025, self-represented Plaintiff Jodie Louise Byrne sought *in forma pauperis* ("IFP") status, seeking to file an action against Delta Airline, Inc., and Allianz, Inc.

2. On October 30, 2025, the court entered an Entry Order denying without prejudice Plaintiff's IFP Application. Plaintiff was allowed until December 1, 2025, to either pay the civil case filing fee or refile her application with an affidavit demonstrating her inability to pay the filing fee. (Doc. 3.)

3. On November 3, 2025, Plaintiff filed a corrected financial affidavit in support of her IFP Application. (Doc. 4.) The document is partially illegible and partially incomplete. It appears to claim a Saint Bernard as a dependent. The District of Maine has warned Ms. Byrne that this is impermissible. *Byrne v. Ally Fin. Inc.*, 2024 WL 1172781, at *1 (D. Me. Mar. 18, 2024).

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Thus, when a plaintiff seeks leave to proceed IFP, the court must determine whether he or she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id.* It is not necessary for a litigant to show that he or she is "absolutely

destitute" to obtain the benefits of the statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive him or her of the "necessities of life." *Id.*; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff's first financial affidavit in support of her IFP application indicated that she is employed by JLouise Elizabeth; however, she does not receive a salary or wages. Although she checked the "No" box for all questions regarding sources of income, she wrote in that she receives "SS $1,000 per month[,]" which the court construed as a Social Security benefit. *See* Doc. 3 at 2. Plaintiff also averred that she did not have any cash; money in a checking or savings account; or any real estate, stocks, bonds, notes, or other valuable property except a Jeep worth $20,000. She failed to list her monthly expenses as required by the IFP Application, instead stating "$2,000–food, gas, etc." (Doc. 1-1 at 2.) She did not list any dependents. Based on these averments, the court determined: "Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP." (Doc. 3 at 2) (citing *Byrne*, 2024 WL 1172781, at *1).

Plaintiff timely filed a corrected financial affidavit in support of her IFP Application. The majority of the averments are illegible. Plaintiff checked the "Yes" box for other sources of income and typed Social Security Disability without indicating an amount received during the past twelve months as required. Plaintiff did not check the "Yes" or "No" box in response to the question whether she owns any cash or has money in a checking or savings account but, following the direction "If the answer is Yes, state the total value of the items owned[,]" she typed in 700.00. *See* Doc. 4 at 2. The remainder of her declarations are illegible.

Without the necessary information, the court cannot perform the required review of her IFP application. From what the court can discern, it appears that Plaintiff has some amount of regular income and savings in excess of the filing fee. Based on this information, the court cannot find that paying the filing fee would jeopardize Plaintiff's ability to provide herself the necessities of life. *Cf. Chapman v. Merchandise Mart*

*Props.*, 2007 WL 922258, at *2 (D. Vt. Mar. 23, 2007) (denying IFP status where plaintiff's "monthly expenses roughly equal[ed] her income" and she had $1,000 in savings because she had "regular employment and savings well in excess of the filing fee"). In its current state, Plaintiff's financial affidavit does not demonstrate her inability to pay the filing fee.

Because the court cannot discern from Plaintiff's filing that she meets the requirements of 28 U.S.C. § 1915(a)(1), her renewed application for leave to proceed IFP (Doc. 4) is DENIED.

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's renewed application to proceed *in forma pauperis* (Doc. 4) is DENIED WITHOUT PREJUDICE. Plaintiff may pay the filing fee of $405.00 or refile the application with an affidavit demonstrating her inability to pay the filing fee.[1] The Clerk's Office is respectfully requested to send Plaintiff a blank Affidavit in Support of Application to Proceed IFP form. **Should Plaintiff fail to pay the filing fee or to refile a complete financial affidavit demonstrating her inability to pay the filing on or before December 12, 2025, this case shall be dismissed without prejudice.**

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of November, 2025.

Christina Reiss, Chief Judge
United States District Court

---

[1] Plaintiff is reminded that should she wish to add additional defendants to her action, and either pays the filing fee or refiles her IFP application, she may also file an updated proposed Complaint for the court's review under 28 U.S.C. § 1915(e)(2)(B). *See* Doc. 3 at 3 n.3.