```
                                                        U.S. DISTRICT COURT
                                                        DISTRICT OF VERMONT
                                                               FILED
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 DEC 19 PM 12:31

CLERK

BY \_\_\_\_Um\_\_\_\_
DEPUTY CLERK

| | |
|---|---|
| JODIE LOUISE BYRNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-752 |
| | ) |
| DELTA AIRLINE, INC. and ALLIANZ, INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ORDER DENYING RENEWED
APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***
(Docs. 6, 7, 8)

A review of the docket in this case reveals the following:

1. On September 10, 2025, self-represented Plaintiff Jodie Louise Byrne sought *in forma pauperis* ("IFP") status, seeking to file an action against Delta Airline, Inc., and Allianz, Inc.

2. On October 30, 2025, the court issued an Entry Order denying without prejudice Plaintiff's IFP Application. Plaintiff was allowed until December 1, 2025, to either pay the civil case filing fee or refile her application with an affidavit demonstrating her inability to pay the filing fee. (Doc. 3.)

3. On November 3, 2025, Plaintiff filed a corrected financial affidavit in support of her IFP Application. (Doc. 4.)

4. On November 14, 2025, the court issued an Entry Order denying without prejudice Plaintiff's renewed IFP Application. Plaintiff was allowed until December 12, 2025, to either pay the civil case filing fee or refile her application with an affidavit demonstrating her inability to pay the filing fee. (Doc. 5.)

5. On November 14, 2025, Plaintiff filed a third financial affidavit in support of her IFP Application (Doc. 6) as well as a motion "to protect storage unit" and privacy and property. (Doc. 7.)

6. On November 15, 2025, Plaintiff filed a motion to "remind" the court that discrimination is present and constitutional access to the court system must be granted. (Doc. 8.)

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). As a result,

when a plaintiff seeks leave to proceed IFP, the court must determine whether he or she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id.*

It is not necessary for a litigant to show that he or she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive him or her of the "necessities of life." *Id.* (internal quotation marks omitted); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff's first financial affidavit in support of her IFP application indicated that she is employed by JLouise Elizabeth; however, she does not receive a salary or wages. Although she checked the "No" box for all questions regarding sources of income, she wrote in that she receives "SS $1,000 per month[,]" which the court construed as a Social Security benefit. *See* Doc. 3 at 2 (internal quotation marks omitted). Plaintiff also averred that she did not have any cash; money in a checking or savings account; or any real estate, stocks, bonds, notes, or other valuable property except a Jeep worth $20,000. She failed to list her monthly expenses as required by the IFP Application, instead stating "$2,000–food, gas, etc." (Doc. 1-1 at 2.) She did not list any dependents. Based on these averments, the court determined: "Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP." (Doc. 3 at 2) (citing *Byrne v. Ally Fin. Inc.*, 2024 WL 1172781, at *1 (D. Me. Mar. 18, 2024)). Plaintiff was provided the opportunity to file a corrected financial affidavit.

Plaintiff's second financial affidavit, timely filed on November 3, 2025, was largely illegible. Plaintiff checked the "Yes" box for other sources of income and typed Social Security Disability without indicating an amount received during the past twelve months as required. Plaintiff did not check the "Yes" or "No" box in response to the

question whether she owns any cash or has money in a checking or savings account but, following the direction "If the answer is Yes, state the total value of the items owned[,]" she typed in 700.00. *See* Doc. 4 at 2. Plaintiff also appeared to claim a Saint Bernard as a dependent which the court noted the District of Maine had warned Ms. Byrne is impermissible. *See Byrne*, 2024 WL 1172781, at *1. The remainder of Ms. Byrne's declarations were illegible. Based on these averments appearing to demonstrate that she had some amount of regular income and savings in excess of the filing fee, the court determined Plaintiff's financial affidavit did not demonstrate her inability to pay the filing fee. (Doc. 5 at 2.) Plaintiff was again provided the opportunity to file a corrected financial affidavit.

The same day the court's Entry Order was issued, Plaintiff filed a third financial affidavit. Plaintiff indicates that she is "employed by JLOUISEELIZABETH" but makes "[z]ero dollars" as she is "taking a health break[.]" (Doc. 6 at 1.) She indicates her employer is a non-profit that has never paid her a salary. She checked the "Yes" box for other sources of income and typed: "I was given a flight credit of 1,000[] dollars for a oneway flight to Nice[,] France which is the price for a roundtrip to France. This was for a delayed flight to Amsterdam [on] September 26, 2024[.]"[1] *Id.* at 2. Plaintiff indicates she has $450.00 in cash or money in a checking or savings account and owns a Jeep but does not state its approximate value as required. As "persons who are dependent upon you for support[,]" Plaintiff lists "Saint Bernard Bella who is my service dog and she cost[s] 1,000 dollars per month in food alone and she requires housing and training and exercise which cost[s] at least another 2k per MONTH[.]" *Id.* Her monthly expenses are $1,800 for short-term housing, $1,500 for food, and $2,000 for "transportation and other expenses[.]" *Id.* (capitalization omitted). There is no indication of how Plaintiff pays these alleged expenses without an income.

---

[1] The court notes that Plaintiff describes the incident at issue in her proposed Complaint as relating to "a flight on September 26, 2024, as documented by Delta check in at Terminal A." (Doc. 1-2 at 9, ¶ 32.)

3

The next day, November 15, 2025, Plaintiff filed a document titled "Motion to Remind the Court that Discrimination is present and my Constitutional Access to the Court System must be Granted[.]" (Doc. 8.) She states:

> The court ha[s] delayed the court case and has asked three times for the same court fee waiver form. I have provided that form [four] times. I added additional information including a credit voucher of 1k from Delta airlines this past October that was not included in the prior waiver fee request. . . .
>
> The first time I submitted a waiver fee form, I noted that I am retired accepting Social Security Disability due to the courts['] failures in Maryland and elsewhere. . . .
>
> I gave supporting documentation and updated documentation regarding my 1k social security income of 12k per year. . . .
>
> I do not have a hidden pot of gold. The courts have been a colossal failure in my life and this has caused additional pain.

*Id.* at 1-2.

Plaintiff has now filed three conflicting and incomplete financial affidavits. Her current affidavit is insufficient to establish an entitlement to proceed IFP. Even considering the $1,000 per month Social Security income omitted from the most recent affidavit, it is unclear how Plaintiff pays her monthly expenses of $5,300. "When an applicant fails to explain how [s]he supports [her]self, courts generally regard h[er] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). In addition, Plaintiff lists $3,000 in expenses for her dog despite being warned by this court and the District of Maine that inclusion of her Saint Bernard as a dependent is inappropriate.

Although the court is cognizant of Plaintiff's frustration in being required to submit multiple applications, because the court cannot discern from Plaintiff's filing that she meets the requirements of 28 U.S.C. § 1915(a)(1), her renewed application for leave to proceed IFP (Doc. 6) is DENIED. *See Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (explaining IFP application denials are reviewed for abuse of discretion).

Plaintiff's motion to protect her storage unit (Doc. 7) is DENIED. Plaintiff is reminded that should she wish to add additional defendants to her action, she must file a

4

proposed Amended Complaint for the court's review under 28 U.S.C. § 1915(e)(2)(B) should she seek IFP status. *See* Doc. 3 at 3 n.3; Doc. 5 at 3 n.1. Plaintiff's November 15 motion (Doc. 8) is also DENIED as it does not seek relief this court can grant and pertains to Plaintiff's renewed IFP Application which the court has decided.

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's renewed application to proceed *in forma pauperis* (Doc. 6) is DENIED WITHOUT PREJUDICE. Plaintiff may pay the filing fee of $405.00 or refile the application with an affidavit demonstrating her inability to pay the filing fee. This is the fourth and final opportunity for Plaintiff to demonstrate her entitlement to proceed IFP. **Should Plaintiff fail to pay the filing fee or to refile a complete financial affidavit demonstrating her inability to pay the filing fee on or before January 9, 2026, this case shall be dismissed without prejudice.**

Plaintiff's additional motions (Docs. 7, 8) are also DENIED. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of December, 2025.

Christina Reiss, Chief Judge
United States District Court

5