UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JODIE LOUISE BYRNE,                        )
                                           )
            Plaintiff,                      )
                                           )
    v.                                      )        Case No. 2:25-cv-00752-cr
                                           )
DELTA AIRLINE, INC. and ALLIANZ, INC.,    )
                                           )
            Defendants.                    )

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAY 22 P 2: 12

CLERK
DEPUTY CLERK

**ENTRY ORDER**
**ORDERING PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT**
**BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR**
**TRANSFERRED FOR LACK OF VENUE**

Plaintiff Jodie Louise Byrne, representing herself, seeks to bring an action asserting negligence and breach of contract claims against Delta Airline, Inc. and its insurance company Allianz, Inc. related to injuries she contends she sustained while traveling from Boston to Norway in September 2024. Plaintiff alleges that this court has diversity jurisdiction under 28 U.S.C. § 1332. She does not address the issue of venue although she alleges injuries arising from a trans-Atlantic flight.

"[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A plaintiff asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Subject matter jurisdiction based on § 1332 may be invoked in actions between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a). "Complete diversity" is required, meaning "no plaintiff and no defendant may be citizens of the same state." *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995). "An individual's citizenship, within the meaning of the diversity statute, is determined by h[er] domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has h[er] true fixed home and principal establishment, and to which, whenever [s]he is absent, [s]he has the intention of returning." *Id.* (internal quotation marks omitted). "At any given time, a person has but one domicile." *Id.* "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("[A] suit by or against United States citizens domiciled abroad may not be premised on diversity."). A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

To effect a change in domicile, and thus citizenship for the purposes of diversity jurisdiction, "two things are indispensable: First, residence in a new domicile; and, second, the intention to remain there." *Palazzo*, 232 F.3d at 42 (internal quotation marks omitted). "Either without the other is insufficient." *Id.* (internal quotation marks omitted).

Liberally construed, Plaintiff alleges that Delta Airline, Inc. is a citizen of the State of Georgia, and that Allianz, Inc. is a citizen of the State of New York. (Doc. 13 at 3-4.) It is unclear what State or foreign state Plaintiff alleges she is a citizen of. Plaintiff both claims that she has been living in Vermont since 2023 and that she does not live in the United States. *Compare id.* at 3 ("The Plaintiff, Jodie Louise Byrne, is an adult who has been residing in Stowe, Vermont since 2023"), *with id.* at 14 ("I do not live in the USA"

2

and "I demand a flight back to Europe ASAP"), *and id.* at 15 ("I have a storage unit in Stowe Vermont but do not reside in the USA"). The address that Plaintiff provided to the court on her Notice of Pro Se Appearance is that of a United States Post Office in Vermont. (Doc. 1-3 at 1.)

To the extent Plaintiff claims citizenship in Vermont by virtue of having a storage unit here, that is insufficient. If Plaintiff is currently present in the United States, her statements that she does not live here and demands that she be given a flight "back to Europe" (Doc. 13 at 14) indicate that she does not consider any state in the United States her "true fixed home" and does not intend to stay in this country. *Palazzo*, 232 F.3d at 42.

A plaintiff may also invoke federal question subject matter jurisdiction under 28 U.S.C. § 1331 by pleading a colorable claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Plaintiff's negligence and breach of contract claims are state law claims insufficient to invoke federal question jurisdiction. Although Plaintiff also references the Americans with Disabilities Act, Department of Transportation rules, and the Montreal Convention, these references alone do not explain the nature of any federal question claims. To the extent Plaintiff claims venue in the District of Vermont, she must address 28 U.S.C. § 1391, which sets forth considerations for determining the proper venue for civil actions.

## CONCLUSION

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why the court should not dismiss this case for lack of subject matter jurisdiction or transfer it for improper venue. Within thirty days of this Order, Plaintiff must furnish to the court the street address in Vermont where she resides or, if she has none, the street address of her residence outside Vermont. Plaintiff must also explain on what basis this court may exercise subject matter jurisdiction over this action and why venue is appropriate in the District of Vermont. If Plaintiff should fail to respond within thirty days of this Order, this case shall be dismissed without prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 22nd day of May, 2026.

Christina Reiss, Chief Judge
United States District Court